Dennis SINDONE, Plaintiff–Appellant,

v.

Raymond KELLY, as commissioner of the New York City Police Department, Bernard B. Kerik, as former commissioner of the New York City Police Department, The New York City Police Department, and The City of New York, Defendants–Appellees.

No. 06–3230–cv.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

Kenneth E. Gordon, New York, NY, for Appellant.

Susan Paulson, Assistant Corporation Counsel (Francis F. Caputo, Assistant Corporation Counsel, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[1]

### SUMMARY ORDER

Dennis Sindone, a former Deputy Inspector of the New York City Police Department, appeals the dismissal of his complaint, which charged defendants with denial of due process in the conduct of disciplinary hearings leading to his termination. *See* 42 U.S.C. §§ 1983, 1988. We review a judgment of dismissal *de novo*, evaluating all facts in the light most favorable to the plaintiff. *See, e.g., Port Washington Teachers' Ass'n v. Bd. of Educ. of Port Washington Union Free Sch. Dist.*, 478 F.3d 494, 498 (2d Cir.2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Sindone asserts that the district court erred in concluding that dismissal of his complaint was compelled by *Locurto v. Safir*, 264 F.3d 154, 174–75 (2d Cir.2001). The terminated municipal employee plaintiffs in *Locurto*, like Sindone, claimed that their department disciplinary proceedings were infected by bias stemming from a supervisory predetermination to terminate their employment. *Id.* at 171. This court concluded that, even if these allegations were true, the *Locurto* plaintiffs failed to state a due process claim in light of the availability of subsequent Article 78 review of their terminations. *Id.* at 174.

Sindone submits that *Locurto* should not control his case because the court's due process holding was based on the *Locurto* plaintiffs' concession that Article 78 afforded them "a full adversarial hearing before a neutral adjudicator," *id.*, a conclusion he disputes. Sindone misreads *Locurto*. While plaintiffs in that case did not dispute the adequacy of the Article 78 proceeding, this court independently reviewed the procedures afforded by that state law, *see id.* at 174–75 (observing that Article 78 permits petitioners "to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims" and to pursue "claims that the agency adjudicator was biased and prejudged the outcome"), and concluded that an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes," *id.* at 175 (collecting cases reaching same conclusion); *accord Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 213–14 (2d Cir.2002).

Accordingly, because Sindone was able to challenge his termination in an Article 78 proceeding, albeit unsuccessfully, we conclude, as did the district court, that he cannot state a due process claim in light of *Locurto*. The fact that Sindone himself chose not to assert his bias claim in his Article 78 proceeding does not mean that he suffered any due process deprivation.

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

*See Hellenic Am. Neighborhood Action Comm. v. City of New York,* 101 F.3d 877, 881 (2d Cir.1996). In light of this holding, we need not reach defendants' argument that *res judicata* offers an alternative ground for affirmance.

Accordingly, the judgment of dismissal is AFFIRMED.